UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ST ANDREWS LINKS LIMITED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>SOURCE AND DESIGN INTERNATIONAL (UK) LTD, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-06470-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 18 |

Before the Court is a motion to dismiss filed by Defendants Source and Design International (UK) LTD ("Source and Design") and John Charles Morton ("Morton") (collectively, "Defendants"). ECF No. 18. The Court will grant the motion.

**I.　BACKGROUND**

On October 20, 2021, Plaintiff St Andrews Links Ltd. ("St Andrews") filed a first amended complaint ("FAC") against Defendants for trademark infringement, counterfeiting, cybersquatting and false designation of origin and unfair competition under the United States Lanham Act, 15 U.S.C. § 1051 *et seq.*, unfair competition under California Business and Professions Code § 17200 *et seq.*, and trademark infringement and unfair competition under California common law. ECF No. 8.

St Andrews operates seven golf courses. *Id.* ¶ 11. It is a United Kingdom entity with its principal place of business in Scotland. *Id.* ¶ 8. Morton is a resident of Scotland and the director of clothing company Source and Design. *Id.* ¶ 10. St Andrews alleges that Defendants infringed its United States Trademark by promoting and selling apparel bearing the name "St Andrews" on their website (www.standrewsstag.com), their Amazon.co.uk merchant account, and their social

media sites. *Id.* ¶¶ 4, 27. In addition, St Andrews alleges that Defendants made at least one delivery to a customer with a California address, and two sales to a customer with a Florida address. ECF No. 8 ¶ 42; ECF No. 18-1 ¶ 45.

Defendants filed a motion to dismiss St Andrews' FAC for lack of personal jurisdiction, ECF No. 18, St Andrews opposed the motion, ECF No. 33, and Defendants replied, ECF No. 39.

## II. LEGAL STANDARD

In contesting a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where the "motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "[A] plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Id.* (internal quotation marks and citation omitted). Courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977), but factual disputes are resolved in favor of the plaintiff, *Mavrix*, 647 F.3d at 1223.

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800–01. The relevant question, therefore, is whether a nonresident defendant has "at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Id.* at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

St Andrews asserts that this Court may exercise specific personal jurisdiction over Defendants based on their contacts with California. ECF No. 33 at 10. Alternatively, it argues that Defendants are subject to personal jurisdiction in this district under Federal Rule of Civil

Procedure 4(k)(2) based on contacts with the United States as a whole. *Id.* at 23.

### III. DISCUSSION

#### A. Specific Personal Jurisdiction

Specific personal jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotation marks omitted). The Ninth Circuit has established a three-part test to determine whether a court has specific personal jurisdiction over a defendant:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state. *Id.* If the plaintiff satisfies both prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

#### 1. Purposeful Direction

The first prong of the Ninth Circuit's three-prong specific personal jurisdiction test asks whether a defendant purposefully directed its activities towards the forum or purposefully availed itself of the privilege of conducting activities in the forum. *Id.* A purposeful direction analysis is most often used in cases, like this one, that sound in tort. *Id.* Courts determine whether a defendant purposefully directed its actions at a forum by applying the "effects" test derived from *Calder v. Jones*, 465 U.S. 783 (1984). The test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d

3

1104, 1111 (9th Cir. 2002). "All three parts of the test must be satisfied." *Schwarzenegger*, 374 F.3d at 805.

### a. Intentional Act

The FAC alleges that Defendants promoted and shipped apparel bearing the "St Andrews" mark through their website and Amazon.co.uk account to consumers in California and the United States. ECF No. 8 ¶ 24, 41-42. This is sufficient to establish that Defendants engaged in intentional acts. *See Schwarzenegger*, 374 F.3d at 806 (interpreting "intent" in this context "as referring to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act); *Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-cv-05611-PJH, 2020 WL 1244918, at *6 (N.D. Cal. March 16, 2020) ("sending prototype salad containers to Fresh Express's facility in California for testing" constituted an intentional act); *Fighter's Mkt., Inc. v. Champion Courage LLC*, 207 F. Supp. 3d 1145, 1152 (S.D. Cal. 2016) (intentional act satisfied where "Plaintiff alleges that Defendant manufactured, sold, and shipped [uniforms] bearing Plaintiff's K/M trademarks").

### b. Express Aiming

The "express aiming" test requires a showing that "the defendant's conduct connects him to the *forum* in a meaningful way," not just residents who live in the forum. *Walden v. Fiore*, 571 U.S. 277, 290 (2014) (emphasis added); *see also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1148-49 (9th Cir. 2017) ("Plaintiffs were required to make a prima facie showing that Defendants' alleged actions were directed at [the forum state], not just at individuals who resided there."). "Express aiming requires more than the defendant's awareness that the plaintiff is alleged to have harmed resides in or has strong ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden*, 571 U.S. at 285). "'[S]omething more—conduct directly targeting the forum'—is required to confer personal jurisdiction." *Id.* (quoting *Mavrix*, 647 F.3d at 1229). In the context of a website, courts consider the "interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant individually targeted a plaintiff known to be a forum resident." *Mavrix*, 647 F.3d at 1228 (internal

4

citations and quotations omitted).

Here, St Andrews maintains that Defendants expressly aimed their activity towards California by operating interactive websites and social media accounts that are "accessible to consumers in this State and judicial district." ECF No. 8 ¶ 4. Specifically, St Andrews points out that Defendants' website provided "delivery times and costs for products being shipped to the U.S.," *id.* ¶ 41, Defendants sold an infringing shirt to a customer in California, *id.* ¶ 42, and Defendants used companies like PayPal, Facebook, Instagram, and Twitter, with headquarters in this judicial district, ECF No. 33 at 8. These allegations are insufficient.

First, St Andrews has failed to establish that Defendants' online activity involves a "forum-specific focus." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020); *Mavrix*, 647 F.3d at 1230 (finding express aiming where the defendant's website had a "specific focus on the California―centered celebrity and entertainment industries"). The simple fact that Defendants' websites are interactive and accessible to Californians is not enough to satisfy the express aiming prong. *See Bungie, Inc. v. Thorpe*, No. 21-cv-05677-EMC (DMR), 2021 WL 5178825, at *5 (N.D. Cal. Nov. 8, 2021) (noting that "[d]istrict courts in California have declined to find express aiming based on alleged sales of products that infringe intellectual property rights through commercial, interactive websites accessible to California consumers") (internal quotation marks omitted)); *Graco Minnesota Inc. v. PF Brands, Inc.*, No. 18-cv-1690-WQH-AGS, 2019 WL 1746580, at *6 (S.D. Cal. Apr. 17, 2019) (finding no express aiming where the allegedly infringing products were sold online to customers, including customers in California); *Matus v. Premium Nutraceuticals, LLC*, No. EDCV 15-01851 DDP (DTBx), 2016 WL 3078745, at *3 (C.D. Cal. May 31, 2016) (finding that the "maintenance of a minimally interactive website," without "something more," did not satisfy the express aiming prong).[1]

Second, the delivery of a single polo shirt to an address in Burlingame, California is also

---

[1] Although the Ninth Circuit has, in the past, distinguished between "passive" and "interactive" websites, and looked to the "level of interactivity and commercial nature of the exchange of information," *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997), "[i]n more recent years, cases have focused on whether a defendant did 'something more' than maintain a passive website," *Matus*, 2016 WL 3078745, at *3 (citing *Mavrix*, 647 F.3d at 1229).

insufficient to establish that Defendants expressly aimed their activity towards California. Defendants allege that St Andrews initiated the California sale, which St Andrews appears to concede. ECF No. 33 at 8 n.1. Many courts in this district have found that "[a] plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state." *Clarus Transphase Sci., Inc. v. Q-Ray, Inc.*, No. C 06-3450 JF (RS), 2006 WL 2374738, at *3 n.3 (N.D. Cal. Aug. 16, 2006); *see Adobe Sys. Inc. v. Nwubah*, No. 18-CV-06063-LHK, 2019 WL 6611096, at *7 (N.D. Cal. Dec. 5, 2019) (finding that "evidentiary buys" by Plaintiff's investigator do not amount to express aiming); *Cisco Sys. Inc. v. Link US, LLC*, No. 18-cv-07576-CRB, 2019 WL 6682838, at *5 (N.D. Cal. Dec. 6, 2019) ("[S]ince the personal jurisdiction analysis focuses on the defendant's, not the plaintiff's contacts with the forum," it would be "incongruous to allow the plaintiff to unilaterally create personal jurisdiction" by instigating a sale in the forum state).[2] Even if St Andrews did not initiate the California sale, the single sale is still insufficient to satisfy the express aiming prong. *See Adobe*, 2019 WL 6611096, at *7 (citing cases for the proposition that "a limited number of products shipped into a forum flowing from a defendant's online sales activity is insufficient to establish express aiming"); *Adam v. Barone*, No. 20-cv-00761-EMC, 2020 WL 4584182, at *9 (N.D. Cal. Aug. 10, 2020) (declining to find that a single transaction satisfies the express aiming prong).

Finally, the Court rejects St Andrews argument that because Facebook, Instagram, Twitter, and PayPal are headquartered in this judicial district, Defendants' use of these platforms amounts to express aiming. ECF No. 33 at 8. Accepting such an argument would "subject millions of persons around the globe to personal jurisdiction in California" and "render the 'expressly aimed' prong of the Calder test essentially meaningless." *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012); *Datatech Enters. LLC v. FF Magnat Ltd.*, No. C 12-04500 CRB, 2012 WL 4068624, at *3 (N.D. Cal. Sept. 14, 2012) ("The maintenance of a website accessible to

---

[2] St Andrews' citation to a single case in this district that supports its position does not persuade this Court to depart from this reasoning. *See* ECF No. 33 at 8 (citing *Chanel Inc. v. Yang*, No. C 12-4428-PJH, 2013 WL 5755217, at *7 (N.D. Cal. Oct. 21, 2013)).

6

U.S. visitors, and the use of U.S.-based web services like PayPal, may not themselves provide contacts sufficient to satisfy due process.").

After assessing the factors separately and together, the Court finds that St Andrews has not established that Defendants' "conduct directly target[ed] the forum," *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002), and it has therefore failed to meet its burden under the "effects" test.

### B. Nationwide Jurisdiction Under Rule 4(k)(2)

St Andrews also argues that the Court may exercise personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). ECF No. 33 at 23. "Personal jurisdiction is proper under Rule 4(k)(2) when (1) the action arises under federal law, (2) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and (3) the court's exercise of jurisdiction comports with due process." *Ayla*, 11 F.4th at 978 (internal quotation marks omitted). "[T]he due process analysis 'is nearly identical to traditional personal jurisdiction analysis . . . [but] rather than considering contacts between [the defendant] and the forum state, we consider contacts with the nation as a whole.'" *Id.* at 979 (quoting *Holland Am. Line Inc. v. Wärtsilä N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007)). Here, the first two requirements under Rule 4(k)(2) are indisputably met. Thus, the only question before this Court is whether hailing Defendants into a United States District Court "comports with due process." Fed R. Civ. P. 4(k)(2). In conducting this analysis, courts apply the *Calder* test to the United States as a whole. *See Ayla*, 11 F.4th at 979-80.

To support its argument, St Andrews uses the same allegations referenced in its argument that Defendants "purposefully directed" their actions at California," and adds the additional fact that Defendants shipped two orders to a single customer in Tampa, Florida. ECF No. 33 at 24. St Andrews also points to the fact that Defendants' website "had four times more users from the United States than Defendants' home jurisdiction in the United Kingdom," Defendants "appl[ied] for trademark protection from the USPTO," and Defendants used "former United States President Barack Obama in a Facebook advertisement promoting the mark ST ANDREWS." *Id.*

While St Andrews's argument for express aiming is stronger under Rule 4(k)(2), it still is not enough to establish "conduct directly targeting the forum." *Rio*, 284 F.3d at 1020.

7

Defendants' two sales to a customer in Tampa, Florida, along with the single sale to a customer in Burlingame, California, are precisely the kind of "random, isolated, or fortuitous" interactions that are insufficient to establish personal jurisdiction. *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984); *see Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127 (9th Cir. 2002) (declining to exercise personal jurisdiction under Rule 4(k)(2) where defendant's contacts with the United States included seven shipments to the East Coast).

The remaining allegations are also insufficient. St Andrews does not cite any case where a court found express aiming met simply because a website received more hits from users in the United States. Instead, cases suggest that there must be other "indicia of . . . personal direction." *AMA*, 970 F.3d at 1211 (9th Cir. 2020) (finding the substantial number of hits to the defendant's website insufficient to "establish that [the defendant] tailored the website to attract U.S. traffic," absent other "indicia of . . . personal direction"). Although the existence of a "substantial number of hits" was relevant in *Mavrix*, this was in part because the "website hits from Californians translated to more advertising revenue from the site's California advertisers" and the defendant knew about its California user base due to its advertising structure. *Id.* (distinguishing *Mavrix* on this basis). Here, Defendants only shipped three orders to two customers in the United States. Nothing here suggests that Defendants directly profited from these hits or possessed knowledge of this user base.

The fact that Defendants filed a trademark application many years ago, which was denied, also does not establish express aiming. *See Allergan, Inc. v. Dermavita Ltd. P'ship, Dima Corp. S.A.*, No. SACV 17-00619-CJC (DFMx), 2018 WL 1406913, at *4 (C.D. Cal. Jan. 3, 2018) (finding defendant's "filing of trademark applications and petitions to cancel [plaintiff's] trademarks" insufficient to establish jurisdiction under Rule 4(k)(2)); *Fumoto Giken Co. v. Mistuoka*, No. CV 14-9797 DMG (MRWx), 2015 WL 12766167, at *5 (C.D. Cal. Apr. 16, 2015) ("[T]his Court is not persuaded that the mere registration of a trademark with the PTO, without more, amounts to the type of minimum contacts which would justify haling a foreign defendant into federal court."). And the fact that Defendants used the image of President Obama, an internationally recognizable public figure, in a Facebook advertisement does not amount to

8

express aiming at the United States. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1159 (9th Cir. 2006) ("The fact that the name 'Pebble Beach' is a famous mark known world-wide is of little practical consequence when deciding whether action is directed at a particular forum via the world wide web").

Taken together, Defendants' limited interactions with the United States "can only be described as scant, fleeting, and attenuated." *Holland*, 485 F.3d at 462. The Court finds that St Andrews has failed to establish that Defendants expressly aimed their conduct at the United States under Rule 4(k)(2).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss for lack of personal jurisdiction. Given that Plaintiff had the opportunity to conduct jurisdictional discovery, ECF No. 24, and Plaintiff has nonetheless failed to establish jurisdiction, the Court concludes that leave to amend would be futile. *See Rongxiang Xu v. Nobel Assembly at Karolinska Institutet*, No. SACV 13-320-JLS ANX, 2013 WL 9760036, at *8 (C.D. Cal. Nov. 20, 2013). Dismissal is therefore with prejudice.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: October 20, 2022

_____
JON S. TIGAR
United States District Judge